NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Felix A. RODRIGUEZ,

    Plaintiff,

v.

FORTHRIGHT,

    Defendant.

Civil No. 12-4642

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

    This matter has come before the Court upon Plaintiff Felix A. Rodriguez's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1446 [docket # 7]. Defendant Forthright opposes the motion [9]. The Court has decided this motion based upon the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Plaintiff's motion will be denied.

    **I.    BACKGROUND**

    On June 25, 2012, Plaintiff Felix Rodriguez filed a Complaint in Middlesex County Superior Court, alleging race & national origin discrimination and a retaliation claim, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 3(a). Plaintiff alleges that after he complained of discriminatory emails and statements made by two supervisors he subsequently was terminated from his employment. *See* (Compl., Notice of Removal, Ex. A) [1]. Defendant filed a Notice of Removal in this Court on July 24, 2012, based on federal question jurisdiction. (Notice of Removal ¶ 4). Plaintiff now moves to remand this action to state court, on the basis that the Court lacks jurisdiction to hear this matter as Plaintiff

1

has not exhausted his administrative remedies.

## II.    DISCUSSION

A federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court generally falls within two broad categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendants have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See F.D.I.C. v, Wissel & Sons Constr. Co.*, Inc., 881 F. Supp. 119, 122 (D.N.J. 1995). Moreover, the removal statute is generally "strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted).

Defendant asserts that this Court has original jurisdiction over this action because Plaintiff's claims of violations of Title VII indisputably arise under federal law. (Def.'s Opp'n at 3). Moreover, Defendant maintains, Plaintiff's attempt to side-step the removal of this litigation under the theory that he has not exhausted his administrative remedies is undermined by the fact that he attached his EEOC right to sue letter to the Complaint. (*Id*. at 4–5). The Court agrees.

Reading the Complaint as well as the EEOC's Dismissal and Notice of Rights and Plaintiff's EEOC Charge, it is apparent that Plaintiff did, in fact, bring this action in accordance with his rights under Title VII of the Civil Rights Act of 1964, a law of the United States, related to the claims investigated by the EEOC.  Moreover, to the extent Plaintiff did not exhaust his administrative remedies that would be grounds for outright dismissal of this case, not remand.  It is unmistakable that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Consequently, this Court may exercise subject matter jurisdiction over this matter and the removal of this case to federal court was proper.  Therefore Plaintiff's motion will be denied.

### III.     CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of September, 2012,

ORDERED that Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1446 [docket #7] is DENIED; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.