NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **FELIX A. RODRIGUEZ,** | : | |
| | : | **Civil Action No. 12-4642 (AET)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **FORTHRIGHT,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

This matter comes before the Court upon Plaintiff Felix Rodriguez's ("Plaintiff") request for leave to file a joinder of the matter at hand and the matter previously filed with the New Jersey Department of Labor and Workforce and also to file a First Amended Complaint [Docket Entry No. 27] to amend total damages claimed and to add Dispute Management Services LLC as a defendant. Forthright ("Defendant") opposes Plaintiff's Motions [Docket Entry No. 31]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED.

### I.     Background and Procedural History

The parties are aware of the facts of this case, therefore, they are not restated herein at length. This case arises out of Plaintiff's allegations that Defendant, Plaintiff's ex-employer, violated Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of race and national origin. *Plaintiff's Motion Br.* at 2.

Plaintiff alleges that on or about August 2011, he gave his supervisor copies of derogatory and discriminatory emails that had been retrieved from the inboxes of his co-workers

Mark Kriegel and Jessica O'Neil. *Id.* Plaintiff alleges that his employment with Defendant was terminated in retaliation for his coming forward with the emails as well as for filing a complaint with the Equal Employment Opportunity Commission. *Id.*

Plaintiff states that he is seeking to add Dispute Management Services LLC as a defendant because most of the employees and/or agents who made the decision to terminate Plaintiff are employees of Dispute Management Services LLC. *Id.* at 5. Plaintiff states that Dispute Management Services LLC and Forthright Solutions are the same company. *Id.*

Plaintiff also seeks leave of this Court to add the claim filed with the New Jersey Department of Labor and Workforce Development ("NJDLWD"). *Id.* at 6.

Plaintiff filed the motion to amend and for joinder on September 6, 2013. [Docket Entry No. 27] The Court entered a letter order on November 1, 2013 stating that since Plaintiff did not include a proposed amended complaint with the motion, as required, the Court could deny the motion on that basis. [Docket Entry No. 34] However, since Plaintiff is *pro se*, the Court was inclined to give him another opportunity to comply with the rule. The Court gave Plaintiff until November 15, 2013 to file the proposed amended complaint. Instead of filing the proposed amended complaint, Plaintiff filed a motion for claims and judgment [Docket Entry No. 36] on November 13, 2013. In light of the fact that Plaintiff is *pro se*, the Court will accept the document entitled "Plaintiffs' Claims and Judgment Motion" [Docket Entry No. 36] as the proposed amended complaint.[1]

### A. Plaintiff's Argument

Plaintiff argues that the motion to amend should be granted because pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave when justice so requires."

---

[1] Plaintiff also includes a document entitled "Proposed Amended Complaint" [Docket Entry No. 36-2] within the motion for claims and judgment, however, this appears to be an updated motion to amend.

*Pl.'s Motion Br.* at 4. Plaintiff notes that the litigation and the discovery are in the early stages and future discovery is altered little by the proposed amendment. *Id.* Plaintiff contends that the proposed amendment does not pose any prejudice to Defendant since Defendant has not unnecessarily expended any resources. *Id.* at 5.

In support of his motion to join claims, Plaintiff cites Federal Rule of Civil Procedure 18 which states, "A party asserting a claim, counterclaim, cross claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Plaintiff states that he sought to include the claim with his original complaint filed in New Jersey Superior Court, however, his motion was not processed as the case had already been removed to United States District Court by Defendant. *Id.* at 7.

### B. Defendant's Argument

Defendant argues that Plaintiff's motion should be denied because it is procedurally deficient. *Def.'s Br. in Opp'n* at 4. Defendant notes that during the September 4, 2013 telephone conference, this Court thoroughly explained the proper procedure for filing motions. *Id.* Defendant contends that Plaintiff filed the motion without obtaining permission from the Court first. *Id.* Defendant also contends that Plaintiff failed to attach a proposed amended complaint to the motion. *Id.*

Defendant also argues that Plaintiff's motion should be denied as futile. *Id.* at 6. Defendant argues that Plaintiff's proposed amended complaint fails to add any substantive claims other than what has already been asserted. *Id.* Defendant cites *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) which states that "Bald assertions, conclusions, inferences and legal conclusions "masquerading" as facts are not acceptable." *Id.* at 7.

Defendant further argues that Plaintiff's proposed amended complaint references

allegations set forth in the original complaint and since an amended complaint supersedes the original complaint, such reference to the original pleading is improper. *Id.* Defendant also argues that the "Counts" do not assert claims upon which relief can be granted. *Id.*

## II. Analysis

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

As the Court noted in its November 1, 2013 letter order, Plaintiff's motion could have been denied for failure to include a proposed amended complaint [Docket Entry No. 34]. Although the Court again notes that a proposed amended complaint has still not been properly filed, it is not necessary for the Court to deny Plaintiff's motion on that basis as the motion can

also be denied due to futility.  Plaintiff has not asserted any new claims upon which relief can be granted.  According to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a pleader must do more than merely assert conclusions and the prescribed elements of a cause of action". The pleading party must assert enough facts to raise any claims beyond the level of mere speculation.  *Id*.  Plaintiff has failed to do so.  Plaintiff alleges in his First Count that Defendants sent him home in an effort to destroy and conceal evidence (*Pl.'s Claims and Judgment Mot*. at 1) yet he does not include any supporting facts.  Defendant argues that this is nothing more than a "bald assertion" (*Def.'s Letter Br*. at 3) and this Court agrees.  Plaintiff alleges in Count Two that Defendants consulted with their Counsel and Management on how to avert liability.  *Pl.'s Claims and Judgment Mot*. at 2.  This is not a legal claim for which relief can be granted. Counts Three, Four and Five and Seven are the same as the claims already asserted by Plaintiff in his initial complaint.  Plaintiff alleges in Count Six that Defendants gave him Information Systems duties and paid him less than the industry standard and far less than his Caucasian counterparts.  *Id*.  Again, Plaintiff has not included any facts to support this claim.  Counts Eight, Nine and Ten all fail to state legal claims for which relief can be granted.

## III.  Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is DENIED.  An appropriate Order follows.

Dated: January 31, 2014

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
