NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX A. RODRIGUEZ, : | |
| : | Civil Action No. 12-4642 (FLW) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| FORTHRIGHT, : | |
| : | |
| Defendants. : | |

This matter comes before the Court upon Defendant Forthright's ("Defendant") request for leave to file a First Amended Complaint [Docket Entry No. 28] to assert counterclaims against Felix A. Rodriguez ("Plaintiff"). Plaintiff opposes Defendant's Motion [Docket Entry No. 29]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendant's motion. The Court considers Defendant's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendant's motion is GRANTED.

**I.     Background and Procedural History**

The parties are aware of the facts of this case, therefore, they are not restated herein at length. This case arises out of Plaintiff's allegations that Defendant, Plaintiff's ex-employer, violated Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of race and national origin. *Plaintiff's Motion Br.* at 2.

Plaintiff alleges that on or about August 2011, he gave his supervisor copies of derogatory and discriminatory emails that had been retrieved from the inboxes of his co-workers Mark Kriegel and Jessica O'Neil. *Id*. Plaintiff alleges that his employment with Defendant was

terminated in retaliation for him coming forward with the emails as well as for filing a complaint with the Equal Employment Opportunity Commission. *Id*.

Defendant states that while investigating Plaintiff's allegations, it discovered that Plaintiff "improperly exceeded his authority in his information technology role while employed at Forthright and used that improper authority to modify electronic messages to contain discriminatory language of which he later complained" and that Plaintiff "improperly accessed certain confidential material maintained by Forthright's Vice President of Human Resources". *Def.'s Br. in Supp. of Mot*. at 2.

### A. Defendant's Argument

Defendant argues that it should be permitted to amend its pleading since it is seeking to add claims which "arise out of the same set of operative facts that form the basis of Plaintiff's Complaint." *Id*. at 4.  Defendant notes that the Federal Rule of Civil Procedure 13(a) requires that counterclaims that arise out of the transaction or occurrence that is the subject of an opposing party's claim must be set forth.  Defendant contends that it should be permitted to amend its pleading because its counterclaims are based upon Plaintiff's improper conduct related to his improper access and manipulation of Defendant's information technology system. *Id*. at 5. Defendant asserts that it did not unduly delay this amendment, nor did it act in bad faith or with a dilatory motive.  Defendant states that during their ongoing investigation into Plaintiff's allegations and conduct, it uncovered information in mid-August 2013 which necessitated the filing of this motion. *Id*.  Defendant further argues that Plaintiff will not be prejudiced by this amendment since the discovery related to Defendant's claims does not extend the discovery that the parties are already undertaking. *Id*. at 5-6.

### B. Plaintiff's Argument

Plaintiff argues that Defendant's motion should be denied because the motion is primarily based on evidence that was acquired almost two years after Plaintiff was inside Defendant's offices. *Pl.'s Resp. to Def.'s Countercl.* at 2. Plaintiff states that Defendant's claim that Plaintiff's cubicle was locked is "an exercise in futility" since cubicles cannot be locked. *Id*. Plaintiff asserts that Defendant's claim that the documents found in the cubicle were acquired or left in the cubicle by Plaintiff is a mere conclusion without any supporting facts. *Id*. Plaintiff further argues that Defendant's motion should be denied because Defendant does not set forth specific facts as to where in Plaintiff's cubicle the documents were found and why it took almost two years for Defendant to locate them. *Id*. at 4.

## II. Analysis

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d

113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Court finds that there was no undue delay, bad faith or dilatory motive by Defendant. Although Plaintiff argues that there was undue delay because it took Defendant two years to search his cubicle and find the evidence indicating that Plaintiff allegedly altered the emails, whether or not Defendant should have found the documents sooner is an issue of fact that must be decided by the District Judge. The amendment is also not futile because if the facts as stated by Defendant are taken as true, then Defendant has a valid legal claim for which relief can be granted. The Court further agrees that granting this amendment does not prejudice Plaintiff since the discovery related to Defendant's counterclaim is similar to the discovery that will need to be provided for Plaintiff's original claim.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Amend is GRANTED. An appropriate Order follows.

Dated: February 21, 2014

                                              s/ Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**